# EXHIBIT A

**THIS PAGE IS PART OF THE SERVICE OF PROCESS DOCUMENT**

**DO NOT REMOVE**

RECEIVED

DEC -5 2016
N977-011
WELLS FARGO
LAW DEPT. DSM

P-16

# SABATINI LAW FIRM, LLC

CARLO SABATINI*
KRISTIN SABATINI
BRETT FREEMAN
LEONARD GRYSKEWICZ, JR.^

216 N. Blakely St.
Dunmore, PA 18512
Phone: (570) 341-9000
Fax: (570) 504-2769
Satellite Office: Wilkes-Barre 823-9000

November 28, 2016

Wells Fargo Bank, N.A.
101 N. Phillips Avenue
Sioux Falls, SD 57104

Via Certified Mail Return Receipt Requested

    RE:    Terry Geltmacher & Kathy Geltmacher v. Wells Fargo Bank, N.A.
              Monroe County Court of Common Pleas
              Docket No. 8762-cv-2016

Dear Sir or Madam:

    Enclosed please find the complaint in the above-referenced matter. Thank you for your anticipated cooperation.

                                              Sincerely yours,

                                              Brett Freeman

BF/

---

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

| | |
|---|---|
| Terry Geltmacher and<br>Kathy Geltmacher<br>42 Cobblewood Drive<br>Mt. Pocono, PA 18344,<br><br>     Plaintiffs<br>v.<br><br>Wells Fargo Bank, N.A.<br>101 N. Phillips Avenue<br>Sioux Falls, SD 57104,<br><br>     Defendant | IN THE MONROE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 8762 CV 2016<br><br>Jury Trial Demanded |

## NOTICE

  You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MONROE COUNTY BAR ASSOCIATION<br>
FIND A LAWYER PROGRAM<br>
913 MAIN STREET<br>
STROUDSBURG, PENNSYLVANIA 18360<br>
Telephone (570) 424-7288<br>
Fax (570) 424-8234

| | |
|---|---|
| Terry Geltmacher and<br>Kathy Geltmacher,<br>          Plaintiffs<br><br>                    v.<br><br>Wells Fargo Bank, N.A.,<br>          Defendant | IN THE MONROE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

### COMPLAINT

#### I.   INTRODUCTION

1. This is an action for damages brought by individual consumers for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiffs on a number assigned to a cellular telephone service using equipment regulated by the Act.

#### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. Venue in this Court is proper in that Plaintiffs reside here, the conduct complained of occurred here, and Defendant transacts business here.

#### III.   PARTIES

4. Plaintiffs are natural persons residing at 42 Cobblewood Drive, Mt. Pocono, PA 18344.

5. Defendant, Wells Fargo Bank, N.A., is a bank with a place of business located at 101 N. Phillips Avenue, Sioux Falls, SD 57104. At all relevant times, Defendant placed calls to individuals in this state.

IV. STATEMENT OF CLAIM

6. Plaintiffs are, and at all relevant times were, each a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiffs have cellular telephone numbers that they have had at all relevant times. Plaintiffs have only used these numbers as cellular telephone numbers, and do not believe that the numbers were ever ported from a wireline service.

9. At all relevant times these phone numbers have been assigned to a cellular telephone service.

*Count 1- Violation of the Act*

10. The foregoing paragraphs are incorporated herein by reference.

11. Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

12. Defendant caused to be made an unknown number of calls to Plaintiffs' cell phone number.

13. Defendant's phone calls harmed Plaintiffs by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

2

14. Defendant's phone calls harmed Plaintiffs by trespassing upon and interfering with their rights and interests in their cellular telephones and cellular telephone lines.

15. Defendant's phone calls harmed Plaintiffs by intruding upon their seclusion.

16. The calls made to Plaintiffs' cell phones were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

17. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

18. These telephone calls were not made with the Plaintiffs' prior express consent.

19. These telephone calls were placed while Plaintiffs were in the United States.

20. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiffs' cellular telephone numbers.

21. Plaintiffs are also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

22. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiffs demand judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

V. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

*/s/ Brett M.*

Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiffs
Phone (570) 341-9000

## Verification of Complaint and Certification
## by Plaintiff Terry Geltmacher

Plaintiff, Terry Geltmacher, being duly sworn according to law, deposes as follows:

1.  I am a plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2016.

_____
Terry Geltmacher, Plaintiff


